IN THE UNITED STATES DISTRICT COURTT

NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Virginia Johnson, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. ___1:23-cv-3369___ |
| Plaintiff, | ) | Complaint and Demand for Jury Trial |
| v. | ) ) | |
| HW Seller, LLC f/k/a Healthworks Agency, LLC, | ) ) ) | |
| Defendant. | ) | |

---

### INTRODUCTION

1.  The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

2.  Toward this end, Congress found that:

    > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the

1

only effective means of protecting telephone consumers from
this nuisance and privacy invasion.

> *Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions,*
> *LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing
> Congressional findings on TCPA's purpose).

3.   Congress also specifically found that "the evidence presented to Congress
     indicates that automated or prerecorded calls are a nuisance and an invasion of
     privacy, regardless of the time of call…." *Id*. at §§ 12-13. *See also*, *Mims v.*
     *Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4.   Plaintiff Virginia Johnson, by Plaintiff's attorneys, brings this action to
     challenge the conduct of HW Seller, LLC f/k/a Healthworks Agency, LLC
     ("Defendant"), with regards to Defendant unlawfully calling Plaintiff after
     Plaintiff registered on the National Do-Not-Call Registry in violation of the
     TCPA.

5.   Plaintiff brings this action for damages and any other available legal or
     equitable remedies resulting from the actions of Defendant in its negligent
     and/or willful violations of the TCPA.

6.   Plaintiff makes these allegations on information and belief, with the exception
     of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which
     Plaintiff alleges on personal knowledge.

7.   While many violations are described below with specificity, this Complaint
     alleges violations of the statutes cited in their entirety.

8.   Any violations by Defendant was knowing, willful, and intentional, and
     Defendant did not maintain procedures reasonably adapted to avoid any such
     violation.

//

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

10. This Court has federal question jurisdiction because this action arises out of Defendants violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

11. Because Defendant conducts business within the State of Illinois, in the Northern District of Illinois, personal jurisdiction is established.

12. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this judicial district.

13. Specifically, Defendant's office is located in Chicago, Illinois, which is within this District.

## PARTIES

14. Plaintiff is, and at all times mentioned herein was, a resident of the City of Pocahontas, State of Arkansas.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendant H W Seller, LLC f/k/a Healthworks Agency, LLC, has its principal place of business in Chicago, Illinois.

17. Defendant is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

18. On or around March 23, 2022, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 0720 twice without Plaintiff's permission.

19. Plaintiff rejected the first call from Defendant, as she did not know who was calling her.

20. Plaintiff answered the second call and was greeted by a "Linda" who was with "Patrick Insurance." After Linda found out Plaintiff was a resident of Arkansas she was transferred to a Victor Martin who allegedly worked for "Medicareworks." Mr. Martin indicated that Medicareworks' official website was www.healthworksincurance.com. He gave a call back number of (855) 333-6432. Mr. Martin then proceeded to solicit the insurance plans Defendants company offers to Plaintiff.

21. When dialed, the number (855) 333-6432 goes directly to Defendant. Additionally, Mr. Martin specifically told Plaintiff that www.healthworksinsurance.com was the official website for the company calling. This website belongs to Defendant.

22. In total, Plaintiff has received at least two (2) calls from Defendant on Plaintiff's cellular telephone after Plaintiff was registered on the National Do-Not-Call Registry.

23. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. Furthermore, Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, since Plaintiff has been on the Do Not Call Registry since January 7, 2007.

25. These calls were made by Defendant or Defendants' agent, with Defendants permission, knowledge, control, and for Defendants' benefit.

26. As a result, the telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).

27. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

28. Plaintiff was personally affected, becoming frustrated and distressed that, Defendant harassed Plaintiff with calls using an ATDS.

29. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

30. The calls placed by Defendant to Plaintiff were extremely intrusive, discussing delicate medical insurance issues with Plaintiff.

31. Defendant's text messages forced Plaintiff and other similarly situated class members to live without significant memory space in their cellular phones by occupying their telephone with multiple unwanted text messages, causing nuisance and lost time.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

33. Plaintiff brings this case on behalf of the Class defined as follows:

<u>The Federal TCPA DNC Class</u>

All persons within the United States who received two phone calls within a 12-month period from Defendants to said person's telephone, and such person had previously included their name on the National Do Not Call Registry at least 31 days prior to receiving Defendants first call, within the four years prior to the filing of this Complaint.

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

35. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant call records.

**COMMON QUESTIONS OF LAW AND FACT**

37. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1)     Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones;

(2)     Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(3)     Whether Defendant conduct was knowing and willful;

(4)     Whether Defendant are liable for damages, and the amount of such damages; and

(5)     Whether Defendant should be enjoined from such conduct in the future.

38.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

39.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

40.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

//

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

//

//

## CAUSES OF ACTION

## COUNT I

## NEGLIGENT VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. § 227(c)

43. Plaintiff and the other members of the putative Class are incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and the other members of the putative Class are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

## KNOWING AND/OR WILLFUL OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. § 227(c)

47. Plaintiff and the other members of the putative Class incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Each call after Plaintiff was already on the National Do Not Call Registry constitutes a knowing and/or willful violation of the TCPA.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

50. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the other members of the putative Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiff and the other members of the putative Class are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the other members of the Class, prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227;

- Any and all other relief that the Court deems just and proper.

//
//
//
//
//
//

## JURY DEMAND

52.     Pursuant to the seventh amendment to the Constitution of the United States  of
        America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: May 26, 2023

Respectfully submitted,

By: /s/ Abbas Kazerounian

Abbas Kazerounian, Esq.
KAZEROUNI LAW GROUP, APC
111 W. Jackson, Suite 1700
Chicago, IL 60604
Telephone: (800) 400-6808
Fax: (800) 520-5523
Email: abbas@kazlg.com
*Attorneys for Virginia Johnson*